UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS OSBECK,

    Plaintiff,                                    Case No. 07-14004

                                                                 Paul D. Borman
v.                                                        United States District Judge

GOLFSIDE AUTO SALES, INC.,

    Defendant.

_____/

OPINION AND ORDER GRANTING NON-PARTY INTERNATIONAL SURETY'S
MOTION TO SET ASIDE DEFAULT JUDGMENT AND ORDERING PLAINTIFF TO
SUBMIT EVIDENCE ON THE ISSUE OF PLAINTIFF'S ACTUAL MONETARY LOSS

      This matter is before the Court on the motion of non-party International Fidelity Insurance Company and Goldfarb Bonding Agency ("International Surety") to set aside the default judgment (Dkt. No. 12) entered by this Court on February 19, 2008. (Dkt. No. 16.) Plaintiff has filed a response (Dkt. No. 18) and the Court heard oral argument on June 3, 2010. For the reasons that follow, the Court GRANTS International Surety's motion and ORDERS Plaintiff to submit evidence on the issue of Plaintiff's actual monetary loss as a result of the misrepresentation as pled in Plaintiff's Amended Complaint.

I.      **BACKGROUND**

      Plaintiff filed his original Complaint in this matter on September 21, 2007, claiming jurisdiction pursuant to the Federal Arbitration Act and seeking to enforce an arbitration agreement

1

between himself and Defendant Golfside Auto Sales, Inc. ("Golfside") which had been negotiated in connection with a contract for the purchase of a used vehicle. (Compl. ¶¶ 7-12, Dkt. No. 1.) The Complaint gives no indication as to the basis of the underlying dispute regarding the vehicle. In the Complaint, in addition to seeking to compel Golfside to arbitrate the dispute, which is not detailed in the Complaint, Plaintiff sought unspecified actual, statutory and punitive damages. (*Id*.) On October 25, 2007, Plaintiff filed an Amended Complaint, adding a Count for "Misrepresentation." (Amend. Compl. ¶¶ 18-26, Dkt. No. 8.)[1] The Amended Complaint alleges that "the Defendant made express material misrepresentations to the Plaintiff that the vehicle had a brand new engine and transmission [sic] that if anything went wrong with the vehicle, Plaintiff could bring it back and the Defendant would fix it for free." (*Id*. ¶ 14.)

On January 1, 2008, Plaintiff requested a Clerk's Entry of Default against Golfside for failure to plead or otherwise defend. (Dkt. No. 9.) On February 9, 2008, Plaintiff filed a Motion for Entry of Default Judgment against Golfside. (Dkt. No. 11.) In the motion, Plaintiff appears to have abandoned his arbitration claim, seeking judgment only on his claim for misrepresentation/consumer fraud, for "actual and exemplary damages for fraud" in the amount of $10,000 and a total judgment of $11,000. (Dkt. No. 11, p. 2.) Plaintiff's motion did not contain any further detail on the damage computation and Plaintiff never presented evidence of "malicious or wilful and wanton misconduct" to support the request for exemplary damages. *See Roehm v. Charter Mobile Home Moving Co*., 907 F. Supp. 1110, 1114 (W.D. Mich. 1993) ("Exemplary damages cannot be awarded in a fraud

---

[1] This added Count refers to "Defendant" but also refers to an entity "Royal Auto Sale" who is not identified anywhere in the pleadings or in any of Plaintiff's motion papers. The Court assumes that this was a copy and paste error on Plaintiff's part and assumes that Plaintiff alleges that Defendant Golfside made the alleged misrepresentation.

case, however, unless the fraudulent conduct is 'malicious or so wilful and wanton as to demonstrate a reckless disregard of plaintiff's rights.'") (quoting *Jackson Printing Co., Inc. v. Mitan*, 169 Mich. App. 334, 341 (1982)).

Plaintiff ultimately presented this Court with a "Judgment for Fraud, Cheating and Misrepresentation Against Golfside Auto Sales, Inc." which the Court entered on February 19, 2008, awarding Plaintiff $11,000 for "actual monetary damages." (Dkt. No. 12.) According to counsel for International Surety, Richard E. Nelson, on or about March 7, 2008, Plaintiff's counsel contacted him to inform him that Plaintiff had obtained a judgment in this Court against Golfside. (Pl.'s Resp. to Int'l Surety's Mot., Dkt. No. 18, Ex. D.)[2] Plaintiff was attempting to collect from International Surety on a fraud bond apparently issued by International Surety to Golfside pursuant to MCL 257.248(2) which provides in pertinent part as follows:

> An applicant for a new vehicle dealer or a used secondhand vehicle dealer or broker license shall include a properly executed bond or renewal certificate with the application. . . . The bond shall be in the sum of $10,000 with a good and sufficient surety to be approved by the secretary of state. The bond shall indemnify or reimburse a purchaser, seller, lessee, financing agency, or governmental agency for monetary loss caused through fraud, cheating, or misrepresentation in the conduct of the vehicle business whether the fraud, cheating, misrepresentation was made by the dealer or by an employee, agent, or salesperson of the dealer. The surety shall make indemnification or reimbursement for a monetary loss only after judgment based on fraud, cheating, or misrepresentation has been entered in a court of record against the licensee.

By letter dated March 12, 2008, Mr. Nelson responded that the bond only covered fraud, cheating and misrepresentation and that he needed more information before he could process the claim. (Int'l Surety's Mot., Nelson Aff. ¶ 7.) The next time Mr. Nelson heard from Plaintiff was when Mr.

---

[2]Mr. Nelson states in his affidavit that this took place by phone "some time in 2009." (Int'l Surety's Mot., Affidavit of Richard R. Nelson, Ex. A, ¶ 4.) However, the documents attached to Plaintiff's response to the motion to set aside the default indicate that this took place in 2008.

Nelson received a copy of the Request for Writ of Garnishment that Plaintiff filed in this Court on December 9, 2008, seeking to obtain garnishment from International Surety on the Judgment issued by this Court for $11,000 owed to Plaintiff by Golfside. (Dkt. No. 13; Int'l Surety's Mot. ¶ 9.) On January 5, 2009, International Surety filed a garnishee disclosure in this Court, denying indebtedness to Golfside and denying possessing or controlling any property belonging to Golfside. (Dkt. No. 15.) Plaintiff never filed a response to International Surety's denial of liability on the garnishment, which was the last entry on this Court's docket until International Surety filed the instant motion on March 3, 2010.

On May 15, 2009, Plaintiff filed suit in state district court in Chelsea, Michigan against International Surety seeking to sue on the Judgment issued by this Court on February 19, 2008. (Int'l Surety's Mot. ¶ 13.) According to International Surety, it attempted in the state court suit to ascertain the factual basis for Plaintiff's claim against Golfside and the actual damages, which were not apparent from the face of the Judgment. Further according to International Surety, Plaintiff was not cooperative in the state court discovery. However, International Surety was able to obtain the VIN number of the subject vehicle and determined that the purchase price of the vehicle was $3,893.80 and that the CAR FAX report on the vehicle indicated only one service incident which involved recharging of the refrigerant. (Pl.'s Mot. ¶¶ 14-16.)

Plaintiff moved for summary judgment in the state court and, based upon this Court's Judgment in the amount of $11,000 for actual monetary damages for fraud, on January 6, 2010, the state court granted Plaintiff's motion and found that Plaintiff was entitled to recover from International Surety pursuant to MCL 257.428(2). (Pl.'s Resp. to Int'l Surety's Mot. Dkt. No. 18, Ex. C.) The state court judgment is very perfunctory and simply refers to this Court's February 18,

4

2008 Judgment and MCL 257.428(2) and "the terms of [International Surety's] bond." (*Id*.) According to counsel for International Surety, the state court order was scheduled to become an enforceable judgment against International Surety on March 10, 2010.

On March 3, 2010, International Surety filed the instant motion and seeks to have this Court set aside the default judgment entered against Golfside and to hold a hearing to determine what amount of the $11,000 judgment against Golfside was attributable to actual monetary damages flowing from the alleged fraud, as this is the only amount that International Surety is obligated for under the terms of the bond and under the express language of MCL 257.248(2). While International Surety does not ask the Court to revisit the issue of liability, it does seek a determination of what monetary damages are apportioned to the alleged fraud and therefore recoverable under the terms of the statute and the bond.

## II.     STANDARD OF REVIEW

Rule 55(c) of the Federal Rules of Civil Procedure provides that a judgment by default may be set aside in accordance with Rule 60(b).    In reviewing a motion for relief under Rule 60(b), the court may not consider the underlying  strength of the plaintiff's claim. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).  Instead, the court considers the general standards governing a Rule 60(b) motion along with three equitable factors: "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). "In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) equitably and liberally . . . to achieve substantial justice." *United Coin Meter Co., Inc. v. Seaboard Coastline*

*Railroad*, 705 F.2d 839, 844-845 (6th Cir. 1983) (internal quotation marks and citation omitted). The moving party in the instant matter, International Surety, does not specify under which subsection of Rule 60 it moves, but the Court considers the motion under Rule 60(b)(6), which permits the Court to set aside the default for "any other reason that justifies relief."

"[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted). "This is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Courts . . . must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Olle*, 910 F.2d at 365 (internal quotation marks omitted). "The 'something more' . . . must include unusual and extreme situations where principles of equity mandate relief." *Id.* "[A] motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989).

### III. ANALYSIS

#### A. Non-Party International Surety's Standing to Move to Set Aside the Default

Federal Rule of Civil Procedure 60(b) provides in part that a "court may relieve a party or his legal representative from a final judgment." Fed. R. Civ. P. 60(b). "The general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion." *Kem Manufacturing Corp. v. Wilder and RJW, Inc.*, 817 F.2d 1517, 1519-1520 (11th

6

Cir. 1987). "[T]he term legal representative was intended to reach only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment." *Id.* at 1520. In certain instances, courts have found that a non-party's rights are so bound up with the final judgment that they are entitled to raise a Rule 60(b) challenge to a final judgment.

In the instant matter, it appears that the final judgment in this case did directly affect the rights of International Surety by virtue of the statutory mandate of MCL 257.248(2), which renders International Surety liable on its bond indemnifying Defendant Golfside (or as here a judgment creditor) in the event of a judgment for fraud. International Surety has never denied liability under the bond and only questions the amount of the judgment against Golfside that is attributable to monetary loss from the fraud. Indeed, International Surety's liability has been determined by the judgment of this Court and by the state court judgment in favor of Plaintiff Osbeck based upon this Court's judgment for fraud. Unlike the non-party seeking relief in *Kem, supra*, who was able to raise the claims he attempted to present in his 60(b) motion in the parallel judicial proceeding, International Surety was not able to move the state court to ignore or alter the judgment of this Court, which adjudged Golfside liable for $10,000 in actual monetary loss, triggering MCL 257.248(2) and rendering International Surety liable on the bond. The Court concludes that International Surety has standing to bring the instant motion.

### B. The Relief Sought by International Surety

International Surety does not move this Court to revisit or set aside the finding of liability on Golfside's default in this Court. Rather, International Surety seeks a hearing to determine the actual amount of monetary loss attributable to the alleged fraud in this Court's $11,000 judgment

7

in favor of Plaintiff, as it is only this amount that International Surety is statutorily obligated to pay under the bond. This Court did not conduct a hearing on damages on the motion for default, and there is no evidence in the record from which the Court can make a determination as to Plaintiff's claimed monetary loss attributable to the alleged misrepresentation. "Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 1555 (2d Cir. 1999)).

Federal Rule of Civil Procedure 55(b)(2) governs default judgments and permits this Court, in its discretion, to conduct a hearing to determine the amount of damages. *See Juana's Packing Co., LLC v. Federal Bakers USA, LLC*, No. 09-301, 2010 WL 310765 (W.D. Mich. Jan. 21, 2010) (holding that a plaintiff who obtains a default judgment as to liability must still establish damages, by evidentiary hearing if necessary); *Evergreen Nat'l Indemnity Co. v. Gibralter Land Co*., No. 09-12941, 2010 WL 272248 (E.D. Mich. Jan. 20, 2010) ("Although liability is no longer an issue once default had been entered, the plaintiff must still prove the extent of its damages."); *Foley & Lewis Racing, Inc. v. Torco Racing Fuels, Inc.*, No. 08-13416, 2009 WL 3424193 (E.D. Mich. Oct. 20, 2009) (finding enough detail in the allegations of the complaint to ascertain to a mathematical certainty the amount of damages); *SGA Global, LLC v. Surface Coatings, Co.*, No. 07-10332, 2007 WL 3284006 (E.D. Mich. Oct. 31, 2007) (awarding damages based upon documentary proof, i.e. spreadsheets, and evidence of pricing and shipping charges, provided by Plaintiff in support of its

8

claimed damages).

In deciding the issue of Plaintiff's monetary loss, the Court is constrained by the Plaintiff's allegations as to misrepresentation set forth in the Amended Complaint (Dkt. No. 8.) "A default judgment establishes the defaulting party's liability for every well-pled allegation in the complaint." *International Painters & Allied Trades Industry Pension Fund v. Newburgh Glass and Glazing, LLC*, 468 F. Supp. 2d 215, 217 (D.D.C. 2007). Plaintiff claims in his Amended Complaint that "Defendant made express, material representations to the Plaintiff that the vehicle had a brand new engine and transmission [sic] that if anything went wrong with the vehicle, that the Plaintiff could bring it back and the Defendant would fix it for free." (Amended Compl. ¶ 14.) Accordingly, the Court will require Plaintiff to submit evidence of its actual monetary loss which can be attributed to Defendant's alleged misrepresentation that the vehicle had a new engine and transmission, which would include evidence of the costs to repair the vehicle.[3]

## IV. CONCLUSION

The Court GRANTS International Surety's motion and ORDERS Plaintiff to submit evidence, within two weeks of the date of this Order, establishing the amount of damages which are

---

[3] The Court notes that at the hearing on this matter held on June 3, 2010, counsel for Plaintiff indicated that he was including his attorney's fees in the "actual monetary loss" allegedly suffered by Plaintiff as a result of the alleged misrepresentation. The Court is not inclined to include attorney's fees in the calculation of Plaintiff's actual monetary loss. *See Bordeau v. Saginaw Control & Engineering, Inc.*, 446 F. Supp. 2d 766, 779 (E.D. Mich. 2006) (holding that the provision for damages for "actual monetary loss" in the Family Medical Leave Act was not broad enough to cover attorney's fees); *Isham v. Hart*, No. 286726, 2009 WL 3110661 at * 3 (Mich Ct. App. Sept. 29, 2009) (unpublished) (holding that it is well settled in Michigan that "[a]wards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception.") (quoting *Phinney v. Perlmutter*, 222 Mich. App. 513, 560 (1997)). The Court finds no such authorization in MCL § 257.248. Any request to include attorney's fees in the amount of Plaintiff's actual monetary loss must be accompanied by specific statutory or case law citations supporting the request.

9

attributable to the actual monetary loss suffered by Plaintiff as a result of the alleged misrepresentation set forth in paragraph 14 of Plaintiff's Amended Complaint. International Surety shall respond to Plaintiff's submission of evidence within two weeks of the date of its filing. The Court will determine, following review of the evidence submitted, whether it will conduct a hearing or determine the issue based upon the evidence submitted.

IT IS SO ORDERED.

                                        S/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: June 23, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 23, 2010.

                                        S/Denise Goodine
                                        Case Manager